COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __Moreno_____ __Anthony_____ __L_____
        *(Last)*           *(First)*           *(Middle Initial)*

Prisoner Number: __V-78764_____

Institutional Address: __Correctional Training Facility - P.O. BOX 686 - Soledad, CA. 93960__

---

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**FILED**

Aug 05 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

__ANTHONY MORENO_____
*(Enter your full name.)*

    vs.

__JOSHUA PEFFLEY, L. MENDEZ,__
__D. NARANJO, et al.,__

*(Enter the full name(s) of the defendant(s) in this action.)*

)
)
)
)
)
)
)
)
)
)
)

Case No. __22-cv-04520-VKD (PR)__
*(Provided by the clerk upon filing)*

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983

**JURY TRIAL DEMAND**

## I. Exhaustion of Administrative Remedies.

*Note:* *You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A.   Place of present confinement __CTF-C, P.O. BOX 686, Soledad, CA 93960__

B.   Is there a grievance procedure in this institution?   YES ☒     NO ☐

C.   If so, did you present the facts in your complaint for review through the grievance procedure?   YES ☒   NO ☐

D.   If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

      1. Informal appeal: _____N/A_____

      _____

      _____

2. First formal level: _____ **N/A** _____

_____

_____

3. Second formal level: **Appeal Log No. 119185 Rejected by the**
**Office of Grievance**

_____

4. Third formal level: **Appeal Log No. 119185 Time Expired at**
**the Office of Appeals**

_____

E.    Is the last level to which you appealed the highest level of appeal available to you?

      YES ☒    NO ☐

F.    If you did not present your claim for review through the grievance procedure, explain why.

      **N/A**

_____

_____

## II. Parties.

A.    Write your name and present address. Do the same for additional plaintiffs, if any.

**Anthony Moreno, CTF-C, P.O. BOX 686, Soledad, CA. 93960.**

_____

_____

B.    For each defendant, provide full name, official position and place of employment.

**Defendants L. Mendez and D. Naranjo are Classification**
**Counselor and Prison Captain respectively, employed to the**
**Correctional Training Facility. Joshua Peffley is presently**
**employed with CDCR at CDCR Headquarters at P.O. BOX 942883,**
**Sacramento, CA. 94283.**

_____

_____

_____

PRISONER COMPLAINT (rev. 8/2015)
*Page 2 of 3*

1   III. Statement of Claim.

2       State briefly the facts of your case. Be sure to describe how each defendant is involved
    and to include dates, when possible. Do not give any legal arguments or cite any cases or
3   statutes. If you have more than one claim, each claim should be set forth in a separate
    numbered paragraph.

4                        SEE ATTACHED COMPLAINT

5

6

7

8

9

10

11

12

13

14

15

16  IV. Relief.

17      Your complaint must include a request for specific relief.  State briefly exactly what you
    want the court to do for you. Do not make legal arguments and do not cite any cases or
    statutes.
18  Plaintiff requests Declaratory and Injunctive Reliefs. Plain-

19  tiff also requests Compensatory, Exemplary, Nominal, Punitvè,

20  Economia/Non-Economic, and other Damages including Attorneys'

21  Fees and Appointment of Counsel.

22

23

24  I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

25  Executed on:  7·29·2022
                    Date                        Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

1  Anthony Moreno CDCR# V-78764

2  C-Wing/cell# 319L

3  P.O. BOX 689

4  Soledad, CA. 93960

5

6  Plaintiff, In Pro Se

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 ANTHONY MORENO,                          Case No.
                    Plaintiff,
12

13                                          COMPLAINT

14     v.                                   VIOLATION OF 42 U.S.C. 1983

15

16                                          [JURY TRIAL DEMAND]

17 JOSHUA PEFFLEY, et al.,
                    Defendants.
18 _____/

19

20                            I.

21                        JURISDICTION

22

23     1. This Court has jurisdiction pursuant to Title 28 U.S.C. 1331

24 and 1367, because the individual named-Defendants are the persons who

25 violated Plaintiff's state and federal constitutional rights by in-

26 tentionally falsifying evidence and failing to adhere to California

27 Code of Regulations ("CCR"), section 3378, while illegally validating

28 Plaintiff, and in doing so, failed to afford Plaintiff due processs,

                                1

in violation of the Fourteenth Amendment.

## II.

### VENUE

2. Venue is proper in this Court pursuant to Title 28 U.S.C. 1391(b)(2), as substantial part of the events or omissions giving rise to the claims made herein occurred in the district.

## III.

### PARTIES

3. PLAINTIFF, Anthony Moreno ("Plaintiff"), was at all times relevant to this action a prisoner confined in the California Department of Corrections and Rehabilitation ("CDCR"), and is currently confined at the Correctional Training Facility ("CTF"), in Soledad, California.

4. DEFENDANT, joshua Peffley ("Peffley"), was at all times relevant to this action an Investigative Services Unit ("ISU") Prison Guard employed with the CDCR and was a state actor (acting under color of law). Peffley was legally responsible for, but not limited to, ensuring the compliance with both state and federal laws. Peffley knowingly, unlawfully, and with specific intent violated Plaintiff's rights by: (1) falsifying evidence in an effort to validate Plaintiff as an associate  of the Mexican Mafia, a Security Threat Group I ("STG I"); and (2) failing to afford Plaintiff due process pursuant to CCR, section 3378 [STG validation process]. Peffley is personally

1  responsible for the psychological and constitutional injuries sus-
2  tained. Peffley is being sued in his individual capacity.

3

4     5. DEFENDANT L. Mendez ("Mendez"), was at all times relevant to
5  this action an Institutional Correctional Counselor employed with the
6  CDCR and was a state actor (acting under color of law). Mendez was
7  legally responsible for, but not limited to, compliance with both
8  state and federal laws as it pertains to the compliance with CDCR
9  training, policies and procedures while performing Unit Classifica-
10 tion Committee hearings. Mendez knowingly, unlawfully, and with spe-
11 cific intent violated Plaintiff's rights by: (1) allowing falsified
12 evidence to be used against Plaintiff in an effort to validate Plain-
13 tiff as an associate of a STG I; and (2) failing to afford Plaintiff
14 due process pursuant to CCR, section 3378 [STG validation process].
15 Mendez is personally responsible for the psychological and constitu-
16 tional injuries sustained. Mendez is being sued in her individual
17 capacity.

18

19    6. DEFENDANT, D. Naranjo ("Naranjo"), was at all times relevant
20 to this action a Correctional Counselor II employed with the CDCR and
21 was a state actor (acting under color of law). Naranjo was legally
22 responsible for, but not limited to, compliance with both state and
23 federal law as it pertains to the compliance with CDCR training, po-
24 licies and procedures while performing Unit Classification Committee
25 hearings. Naranjo knowingly, unlawfully and with specific intent vio-
26 lated Plaintiff's rights by: (1) allowing falsified evidence to be
27 used against Plaintiff in an effort to validate Plaintiif as an as-
28 sociate of a STG I; and (2) failing to afford Plaintiff due process

3

1    pursuant to CCR, section 3378 [STG validation process]. Naranjo is

2    personally responsible for the psychological and constitutional in-

3    juries sustained. Naranjo is being sued in his individual capacity.

4

5                                    IV.

6                          FACTUAL ALLEGATIONS

7

8        7. Plaintiff realleges and incorporates the information and facts

9    in paragraphs 1 through 6 above as though they were stated fully

10   herein.

11

12       8. On or about 09/01/19, Plaintiff was screened and approved by

13   the prison's Community Resource Manager ("CRM"), Alma Tamayo, in re-

14   gards to Plaintiff's placement on a Master Pass List for the appear-

15   ance as a visitor to another inmate's marriage on 09/14/19. The

16   screening and approval process included, but were not limited to,

17   STG ties/associations, visiting restrictions, etc. See Exhibit A.

18

19       9. On 10/03/19, Plaintiff was interviewed by Correctional Coun-

20   selor I M. Barass in reference to Plaintiff's current STG status. At

21   the conclusion of the interview, M. Barass documented on a CDCR

22   128-B General Chrono that: "Based on the fact Plaintiff denied any

23   STG associations and has no current Direct or Indirect Evidence in-

24   dicating STG activity..." See Exhibit B.

25

26       10. On 03/17/20, Peffley conducted a cell search of Plaintiff's

27   assigned cell, for which at the completion of the cell search, Peff-

28   ley documented on a Security Squad Receipt, in accordance with CTF

                                     4

Operation Procedure ("O.P.") #134.6, that he confiscated: (1) Photo-
graph EME activity [a picture of Plaintiff and the inmate who had
been married on 09/14/19, for which was approved by the prison's CRM];
(2) Photographs containing MoneyPak; and (3) a SD Card. No where in
Peffley's cell search receipt dated 03/17/20, did Peffley ever docu-
mented confiscating "an address book with individual listed in the
book being validated and suspected EME associates." See Exhibit C.

11. On 03/23/20, Peffley generated a validation package that was
forwarded to the Office of Correctional Safety using as source items:
(1) the picture of Plaintiff at the approved wedding on 09/14/19, for
which was approved by the prison's CRM; and (2) the fabricated ad-
dress book with individuals listed in the address book as being vali-
dated and/or suspected EME associates, for which was NEVER confiscat-
ed from Plaintiff's cell on 03/17/20. CDCR policies requires, at mi-
nimun, four (4) source items to validate an inmate. See Exhibit D.

12. After receiving assurance from Sergeant A. Kuster that an
email was sent to Peffley on or about 03/21/20, that (24) hours would
be given to Plaintiff to rebut the Evidence Disclosure and Interview
Notification, Peffley refused to afford Plaintiff the opportunity for
rebuttal, and in doing so, denied Plaintiff due process. See Exhibit
E.

13. On 07/02/20, during a pre Unit Classification Committee in-
terview, Mendez provided Plaintiff with a copy of the CDCR 128-B Se-
curity Threat Group Unit Classification Committee-Notification of
Hearing, for which Plaintiff conveyed to Mendez that he had not had

5

the opportunity to rebut the Evidence Disclosure and Interview Notification generated by Peffley. Mendez stated to Plaintiff, "You're going to committee on 07/07/20, I don't care about any rebuttal issues you have!"

14. On 07/07/20, Plaintiff appeared in front of Mendez and Naranjo at a Security Threat Group Classification Committee, in which Plaintiff conveyed to Mendez and Naranjo that: (1) Plaintiff was not afforded the opportunity to rebut the Evidence Disclosure and Interview Notification generated by Peffley; and (2) that Peffley had fabricated evidence by using a source item of an address book with individuals who were validated that Peffley had NOT confiscated from Plaintiff's cell on 03/17/20. In light of the fabricated evidence and due process violations, Naranjo approved Plaintiff's validation as an associate of the Mexican Mafia (EME).

15. Plaintiff appeals to the Court that whatever may be the limits on the scope of inquiry of courts into the internal management of prisons, allegations such as these asserted by Plaintiff, however inartfully plead, are sufficient to call for the opportunity to offer supporting evidence. We should not say with assurance that under the allegations of the instant pro se complaint, which we hold to "less stringent" standards than formal pleadings drafted by lawyers, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him relief.

V.

### CAUSE OF ACTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT ONE

DEFENDANTS PEFFLEY, MENDEZ AND NARANJO VIOLATED PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS ANT TO EQUAL PROTECTION.

16. Plaintiff realleges and incorporates paragraphs 1 through 15 above as though they were stated fully herein.

17. Defendants' actions of validating Plaintiff and placing him on STG I Associate of the Mexican Mafia, while using fabricated evidence, and failing to afford him due process, as it is related to the validation process, pursuant to CDCR's governing statues, were deliberate, egregious, malicious and done with evil motive, in violation of the Fourteenth Amendment.

## VI.

## DECLARATORY RELIEF ALLEGATION

18. Plaintiff realleges and incorporates paragraphs 1 through 17 above as though they were stated fully herein.

19. A present and actual controversy exist between Plaintiff and the named- Defendants concerning their rights and respective duties. Plaintiff alleges that the named-Defendants violated his Fourteenth Amendment rights. Plaintiff is informed and believes, and thereon alleges that the named-Defendants deny these allegation. Declaratory relief is therefore necessary and appropriate.

## INJUNCTIVE RELIEF ALLEGATIONS

20. Plaintiff incorporates and realleges paragraphs 1 through 19 above as though they were stated fully herein.

21. No plain adequate or complete remedy at law is available to Plaintiff to redress the wrongs herein. If the Court does not grant the injunctive relief sought, Plaintiff will be irreparably harmed.

## PRAYER FOR RELIEF

1. For an order enjoining the named-Defendants from engaging in the unlawful conduct alleged in the Complaint;

2. For an order granting Declaratory relief as may be appropriate;

3. For an order granting Injunctive relief as may be appropriate;

4. Compensatory damages in the amount of One-Hundred Thousand dollars ($100,000), from each Defendant to Plaintiff for the injuries and suffering sustained;

5. Exemplary damages in the amount of One-Hundred Thousand dollars ($100,000), from each Defendant to Plaintiff as an enhancement for compensatory damages because of the maliciousness, wanton, reckless, and oppressive character of the acts described herein, and to

8

1  deter others from committing these and similar acts;

2

3      6. Punitive damages in the amount of One-Hundred Thousand dol-

4  lars ($100,000), from each Defendant to Plaintiff as an enhancement

5  of compensatory damages because of the maliciousness, wanton, reck-

6  less, and oppressive character of the acts described herein, and to

7  punish and deter other state employees acting under color of law

8  from committing these or similar acts;

9

10      7. Nominal damages in the amount of One-Hundred Thousand dol-

11  lars ($100,000), from each Defendant to Plaintiff;

12

13      8. Equitable relief in the form of expungement of the valida-

14  tion status of Plaintiff as being an "Associate of the Mexican Mafia"

15  from Plaintiff's Central File;

16

17      9. Appointment of Counsel as Plaintiff is a lay-person and un-

18  skilled at law;

19

20      10. Attorneys' fees and costs;

21

22      11. Economic and non-economic damages;

23

24      12. Costs of suit incurred herein; and

25

26      13. An order directing the U.S. Marshal to serve the named-De-

27  fendants including waiver of any and all processing service fees.

28

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

Being competent to make this declaration and having personal knowledge of the statements and factual allegations made in this law-suit, I, Anthony Moreno, declare under the penalty of perjury pursuant to 28 U.S.C. 1746 that all statements and allegations made herein are true and correct to the best of my knowledge, information and belief.

Executed this 29 day of July, 2022, at the Correctional Training Facility, Soledad, California.

Submitted by,

/s/ Anthony Moreno

10

# EXHIBIT "A"


Name: MORENO, ANTHONY L. JR

CDC #: V78764  PID #: 11242123

OTRS030B

# Offender Appointment

Thursday July 02, 2020 11:47:14 AM

| | | | |
|---|---|---|---|
| Appointment Date*: | 09/14/2019 | Day of Week: | Sat |
| Category*: | Miscellaneous | | |
| Type*: | Misc Appointments | Appt ID: | 73174336 |
| Reason*: | Misc - Special Event | | |
| Begin Time*: | 10:00:00 | | |
| End Time*: | 10:30:00 | Due Date: | |
| Requested By: | Ramon, Robin L [RARO054] | Off-Site*: | No |
| Facility/Office*: | CTF-Facility C | | |
| Location within*: | CENTRAL VISITING | | |
| Room#: | | | |
| Transportation Needed: | | | |

☐ Video Equipment Needed       ☐ ADA Accommodation Needed

☐ Onsite H/S Specialist Involved       ☑ Put on Master Pass List

☐ BPH Priority

---

## Appointment With

| Staff* | Participation | Email Notification | Allow Overbooking | |
|---|---|---|---|---|
| Tamayo, Alma [TAAL008] | Required/Primary | ☑ | ☑ | |

---

| | | |
|---|---|---|
| Status*: | Closed by System | As of Date*: 09/15/2019 | **Status History** |
| Reason not held: | Provider Out of Time | | |

---

**Comments**

Generated by Group Appointment Scheduling Screen

---

| **Prepare To Update** | **Prepare To Copy** | **Prior Page** |
|---|---|---|

Show Last Updated Information

# EXHIBIT "B"

NAME: _Moreno_    CDC #: _V78764_    HOUSING: _Y5325_    CDC 128-B (Rev. 4/74)

On _10/3/19_, Inmate _Moreno_ was interviewed in reference to his current STG status.

☒ Subject denied any STG I or II associations
☐ Subject self-admitted to being a _____ of _____ STG I / II

A review of Subject's ERMS/SOMS file was conducted and no current Direct or Indirect Evidence was discovered, which would link 'S' to any active STG affiliation or behavior.

Based upon the fact 'S' denied any STG associations and has no current Direct or Indirect Evidence indicating current STG activity, there is **insufficient evidence to retain 'S' on Modified Program for the purposes of PSR for CTF CTF-C-18-003.**

A CDCR form 128-B "Attachment D-Threat Assessment," will be generated in correlation with this chrono.

Subject was advised, that this information is subject to change if future Direct or Indirect Evidence is discovered.

M. Barss
Correctional Counselor I
Correctional Training Facility

DATE: _10/4/19_

STG- THREAT ASSESSMENT INTERVIEW

GENERAL CHRONO

EXHIBIT    "C"

## SECURITY SQUAD RECEIPT

This is a receipt to advise you that the following items were removed from your cell during a search conducted by the Security Squad this date: 3/17/2020

Name: Marin                CDCR Number: V78764     Cell: YW-325

Personal Property: 1 PHOTOGRAPH  EME  ACTIVITY /DIRECT LEADER/ PBR
33118-2 (6)  PHOTOGRAPHS  CONTAINING  MURDERS #5/SO
CARD

Misc. Contraband: R&R  TRACH

Disposition: EVIDENCE

Items Turned Over To ISU Pending Investigation: _____
Items Turned Over To CAC Gang Coordinator: _____
Officer: TEPCIA          Date: 3/17/2020

**************************************************
I Received The Above Listed Property.

Staff Signature: _____  Title: _____  Date: _____
Inmate: _____  Number: _____

DISTRIBUTION: Original - ISU          Yellow - UNIT          Pink - INMATE

CTF-0722 Rev. (2016-10)

# EXHIBIT   "D"

## CONCLUSION

Upon reviewing the written response and a thorough review of the evidence, below is an evaluation for each source item SUBJECT submitted a written response, or addressed in the interview.

**In Source item #1** SUBJECT returned the CDCR-128 B4 with no written response regarding Source Item #1.

**In Source item #2** SUBJECT returned the CDCR-128 B4 with no written response regarding Source Item #2.

**In Source item #3** SUBJECT returned the CDCR-128 B4 with no written response regarding Source Item #3.

**In Source item #4** SUBJECT returned the CDCR-128 B4 with no written response regarding Source Item #4.

The Institutional Gang Investigator has concluded there is sufficient evidence to support referral to OCS and the STG Unit Classification Committee for consideration of validation as an **associate** of the Mexican Mafia (EME) STG.

The aforementioned information will be forwarded to the Office of Correctional Safety for review of SUBJECT's STG validation.


J. PEFFLEY
Correctional Officer
Assistant Institutional Gang Investigator
Correctional Training Facility

J. G. LOPEZ
Correctional Lieutenant
Institutional Gang Investigator
Correctional Training Facility

**DISTRBUTION:**  Original- ERMS File    Copies- OCS, Investigative Unit, Inmate

DATE:  **03/23/2020**

# EXHIBIT "E"

*I AM NOT REFUSING REBUTTAL* CDCR 128-B4 (REV 10/17)
*I DID NOT HAVE ENOUGH TIME*

EVIDENCE DISCLOSURE AND INTERVIEW NOTIFICATION

| NAME | CDC NUMBER | INSTITUTION/PRISON | HOUSING |
|------|-----------|--------------------|---------|
| MORENO, ANTHONY | V78764 | CORRECTIONAL TRAINING FACILITY | FC YW-325U |

*I ASK for 24 hrs AND WAS REFUSED.*

1) **(Informants)-Confidential Memorandum dated 11/18/2019 (CDCR Form 1030)**

2) **(Informants)-Confidential Memorandum dated 01/09/2020 (Supporting Document for CM dated 11/18/2019) (CDCR Form 1030)**

3) **(Photographs) (Direct Link)-CDCR 128B dated 03/18/2020**

4) **(Written Material-Personal Possession) (Direct Link)-CDCR 128B dated 03/19/2020**