UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY L. MORENO,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSHUA PEFFLEY, et al.,<br><br>        Defendants. | Case No. 22-cv-04520-VKD<br><br>**ORDER SCREENING COMPLAINT<br>PURSUANT TO 28 U.S.C. § 1915A;<br>GRANTING LEAVE TO AMEND** |

Pro se plaintiff Anthony Moreno, a state prisoner, filed this civil rights action against employees at the Correctional Training Facility ("CTF").  Dkt. No. 1 at 2.  The Court granted Mr. Moreno's request to proceed *in forma pauperis* in a separate order.  Dkt. No. 4.

For the reasons explained below, the Court concludes that the allegations are insufficient to state any claim under the Fourteenth Amendment.  Mr. Moreno may amend his complaint to attempt to correct the deficiencies discussed below.

I.    **BACKGROUND**

Mr. Moreno is currently confined at CTF.  Dkt. No. 1 at 1.  He brings this action against defendants Correctional Officers L. Mendez, D. Naranjo, and Joshua Peffley for "intentionally falsifying evidence" in validating him as an associate of the Mexican Mafia ("EME").  *Id.* at 4, 9.

Mr. Moreno alleges that on March 17, 2020, Mr. Peffley conducted a cell search and confiscated several items.  *Id.* at 8.  Mr. Peffley then used some of these items as "source items" in the validation package that he prepared on March 23, 2020 to establish Mr. Moreno's affiliation with the EME.  *Id.*  Mr. Moreno alleges that the evidence included a "fabricated address book with individuals listed . . . as being validated and/or suspected EME associates."  *Id.* at 8.  Mr. Moreno

United States District Court<br>Northern District of California

claims that this address book was "fabricated" because there was no record that such an item was confiscated from his cell by Mr. Peffley. *Id.* Mr. Moreno claims Mr. Peffley refused to afford him an opportunity to rebut the evidence, as required under CDCR's regulations governing the gang validation process. *Id.* at 8, 10. On July 7, 2020, Mr. Moreno appeared before defendants Mendez and Naranjo at a Security Threat Group Classification Committee and informed them that Mr. Peffley denied him an opportunity to rebut the evidence and that the address book was fabricated. *Id.* at 9. Nevertheless, defendants approved Mr. Moreno's validation as an associate of the EME. *Id.*

Based on the foregoing allegations, Mr. Moreno claims defendants violated his "Fourteenth Amendment rights to due process and to equal protection." *Id.* at 10. He also claims defendants' actions violated CDCR's regulations for gang validation. *Id.* He seeks compensatory, exemplary, punitive, and nominal damages, expungement of the gang validation from his central file, and other forms of relief, including appointment of counsel. *Id.* at 11-12.

## II.    LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In conducting its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of

United States District Court
Northern District of California

substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a complaint must include facts that are "more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only plausible claims for relief will survive a motion to dismiss. *Id*. at 679. A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.

## III.     DISCUSSION

Mr. Moreno contends that his rights to due process and equal protection under the Fourteenth Amendment were violated. He also contends that defendants failed to adhere to CDCR's regulations for gang validation. The Court considers these claims below.

### A.     Due Process

Interests protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id.*

at 477-87.  Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.  If the alleged deprivation does not amount to punishment and there is no state statute or regulation from which the interest could arise, no procedural due process claim is stated and the claim should be dismissed.  *See Meachum*, 427 U.S. at 223-27.

Mr. Moreno claims that the denial of an opportunity to rebut the evidence against him violated due process under the Fourteenth Amendment.  But before the Court can determine what process was due, Mr. Moreno must establish that he had a protected interest that was taken away.  Specifically, he must allege that he suffered a deprivation of "real substance" under *Sandin* because of the gang validation.  However, the complaint contains no allegation of any deprivation that amounts to punishment or significant hardship, such as a move to more restrictive housing.  For example, if the gang validation caused Mr. Moreno's placement in the Security Housing Unit ("SHU"), he must allege that such a change amounts to an "atypical and significant hardship."  *See, e.g., Wilkinson v. Austin*, 545 U.S. 209, 223-25 (2005) (indefinite placement in Ohio's "supermax" facility, where inmates are not eligible for parole consideration, constitutes an "atypical and significant hardship within the correctional context"); *Bruce v. Ylst*, 351 F.3d 1283, 1287-1288 (9th Cir. 2003) (finding CDCR's prior gang validation regulations creates due process liberty interest in not being placed indefinitely in the SHU unless decision supported by "some evidence").  *Sandin* requires a factual comparison between conditions in the plaintiff's former status and his new status, examining the hardship caused by the challenged action in relation to the basic conditions of life as a prisoner.  *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).

Mr. Moreno may file an amended complaint to attempt to cure this deficiency to state a cognizable due process claim.

**B.      Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne*

United States District Court
Northern District of California

1    *Living Center*, 473 U.S. 432, 439 (1985).  A plaintiff alleging denial of equal protection based on

2    race or other suspect classification must plead intentional unlawful discrimination or allege facts

3    that are at least susceptible of an inference of discriminatory intent.  *Monteiro v. Tempe Union*

4    *High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).  To state a claim for relief, the plaintiff

5    must allege that the defendant state actor acted at least in part because of the plaintiff's

6    membership in a protected class.  *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013);

7    *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *see also Byrd v. Maricopa Cnty.*

8    *Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (claim that alleged harmful

9    treatment but mentioned nothing about disparate treatment was properly dismissed).

10          Mr. Moreno mentions equal protection once in the complaint and in the same context in

11   which he claims that his Fourteenth Amendment rights were violated.  Dkt. No. 1 at 10.  As stated

12   above, the complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-

13   me accusation."  *Iqbal*, 556 U.S. at 678.  Here, the complaint contains no allegations to support an

14   equal protection claim, *i.e.*, that Mr. Moreno is a member of a protected class and that the named

15   defendants discriminated against him because of his membership in that class.  *See Furnace*, 705

16   F.3d at 1030.

17          Mr. Moreno may file an amended complaint to attempt to cure this deficiency.

18          **C.    CDCR Regulations for Gang Validation**

19          Mr. Moreno's claim that defendants violated CDCR regulations for gang validation by

20   denying him an opportunity to rebut the evidence is grounded only in state law and not cognizable

21   under § 1983.  However, because this claim is related to the due process claim discussed above

22   and therefore part of the same case or controversy, the Court can exercise supplemental

23   jurisdiction over this related claim under 28 U.S.C. § 1367, but only if Mr. Moreno is able to plead

24   sufficient facts to state a cognizable due process claim and he includes this state claim in an

25   amended complaint.

26          Accordingly, Mr. Moreno may included this claim in an amended complaint.

27          **D.    Request for Appointment of Counsel**

28          As part of his prayer for relief, Mr. Moreno requests appointment of counsel because he is

1    a "lay-person and unskilled at law." Dkt. No. 1 at 12.

2           There is no constitutional right to counsel in a civil case unless an indigent litigant may

3    lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18,

4    25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to

5    counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952

6    (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under

7    § 1915 is within "the sound discretion of the trial court and is granted only in exceptional

8    circumstances."  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Here, the challenges

9    Mr. Moreno describes do not amount to the kind of exceptional circumstances that warrant

10   appointment of counsel at this time.  Accordingly, his request is denied.  *See Agyeman v. Corr.*

11   *Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935

12   F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

13   This denial is without prejudice to the Court's sua sponte appointment of counsel at a future date

14   should the circumstances of this case warrant such appointment.

15   **IV.    CONCLUSION**

16          After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court finds that the due

17   process and equal protections claims under the Fourteenth Amendment are deficiently pled.

18          Mr. Moreno may file an amended complaint to attempt to correct the deficiencies

19   discussed above by no later than **January 13, 2023**.  The amended complaint must include the

20   caption and civil case number used in this order, Case No. C 22-cv-04520 VKD, and the words

21   "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Mr. Moreno

22   must answer all the questions on the form in order for the action to proceed.

23          Mr. Moreno is advised that the amended complaint will supersede the original complaint,

24   the latter being treated thereafter as non-existent.  *Ramirez v. Cty. of San Bernardino*, 806 F.3d

25   1002, 1008 (9th Cir. 2015).  Consequently, claims not included in an amended complaint are no

26   longer claims and defendants not named in an amended complaint are no longer defendants.  *See*

27   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

28          If Mr. Moreno fails to file an amended complaint in time, or the amended complaint fails

United States District Court
Northern District of California

6

to cure all defects described above, the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed in whole or in part for failure to state a cognizable claim.

The Clerk of the Court shall include two copies of the Court's form complaint with a copy of this order to Mr. Moreno.

**IT IS SO ORDERED.**

Dated: December 14, 2022

_Virginia K. DeMarchi_
VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

7