UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY L. MORENO,<br><br>   Plaintiff,<br><br> v.<br><br>JOSHUA PEFFLEY, et al.,<br><br>   Defendants. | Case No. 22-cv-04520-VKD<br><br>**ORDER OF SERVICE; CASE MANAGEMENT SCHEDULE; INSTRUCTIONS TO CLERK** |

  Pro se plaintiff Anthony Moreno, a state prisoner, filed this civil rights action against employees at the Correctional Training Facility ("CTF"), where he is currently incarcerated. Dkt. No. 1. The Court screened the complaint and found the allegations were insufficient to state any claim under the Fourteenth Amendment, and granted leave to amend to attempt to correct the deficiencies. Dkt. No. 5. Mr. Moreno filed an amended complaint. Dkt. No. 6.

**I. BACKGROUND**

  Mr. Moreno is confined at CTF. Dkt. No. 6 at 1. He brings this action against defendants Correctional Officers L. Mendez, D. Naranjo, and Joshua Peffley for violating his state and federal rights by "intentionally falsifying evidence" in validating him as an associate of the Mexican Mafia ("EME"). *Id.* at 4, 9. The factual allegations in the amended complaint are identical to those presented in the original complaint. *Compare* Dkt. No. 1 at ¶¶ 7-15, *with* Dkt. No. 6 at ¶¶ 7-15. Mr. Moreno has amended the "cause of action" section, to state two separate claims under the Fourteenth Amendment, for violations of his right to due process and equal protection. Dkt. No. 6 at 10-13.

  Mr. Moreno alleges that on March 17, 2020, Mr. Peffley conducted a cell search and

1  confiscated several items. *Id.* at 8. Mr. Peffley then used some of these items as "source items" in
2  the validation package that he prepared on March 23, 2020, to establish Mr. Moreno's affiliation
3  with the EME. *Id.* Mr. Moreno alleges that the evidence included a "fabricated address book with
4  individuals listed . . . as being validated and/or suspected EME associates." *Id.* at 8. Mr. Moreno
5  claims that this address book was "fabricated" because there was no record that such an item was
6  confiscated from his cell by Mr. Peffley. *Id.* Mr. Moreno claims Mr. Peffley refused to afford
7  him an opportunity to rebut the evidence, as required under the California Department of
8  Corrections and Rehabilitation ("CDCR") regulations governing the gang validation process. *Id.*
9  at 8, 10. On July 7, 2020, Mr. Moreno appeared before defendants Mendez and Naranjo at a
10 Security Threat Group Classification Committee and informed them that Mr. Peffley denied him
11 an opportunity to rebut the evidence and that the address book was fabricated. *Id.* at 9.
12 Nevertheless, defendants approved Mr. Moreno's validation as an associate of the EME. *Id.*

13     Mr. Moreno seeks declaratory and injunctive relief "as may be appropriate," as well as
14 compensatory, exemplary, punitive, and nominal damages, expungement of the gang validation
15 from his central file, and other forms of relief, including appointment of counsel. *Id.* at 14-15.

## II.  LEGAL STANDARD

17     A federal court must conduct a preliminary screening in any case in which a prisoner seeks
18 redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.
19 § 1915A(a). A court may dismiss a case filed without the payment of the filing fee whenever it
20 determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief
21 may be granted; or (iii) seeks monetary relief against a defendant who is immune from such
22 relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In conducting its review, the Court must identify any
23 cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon
24 which relief may be granted, or seek monetary relief from a defendant who is immune from such
25 relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See*
26 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d
27 750, 757 (9th Cir. 2003).

28     Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or

immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a complaint must include facts that are "more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only plausible claims for relief will survive a motion to dismiss. *Id*. at 679. A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.

## III. DISCUSSION

Mr. Moreno contends that his rights to due process and equal protection under the Fourteenth Amendment were violated. Dkt. No. 6 at 10-13. He also contends that defendants failed to adhere to CDCR's regulations for gang validation. *Id.* at 10. The Court considers these claims below.

### A. Due Process

Interests protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to

1  deprivations of a procedurally protected liberty interest, provided that (1) state statutes or
2  regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the
3  inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id.*
4  at 477-87.  Generally, "real substance" will be limited to freedom from (1) a restraint that imposes
5  "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,"
6  *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.  If
7  the alleged deprivation does not amount to punishment and there is no state statute or regulation
8  from which the interest could arise, no procedural due process claim is stated and the claim should
9  be dismissed.  *See Meachum*, 427 U.S. at 223-27.

10  Mr. Moreno claims that the denial of an opportunity to rebut the evidence against him
11  violated due process under the Fourteenth Amendment.  Mr. Moreno claims that the gang
12  validation "has created atypical and significant hardship," including "unequal access to
13  rehabilitative programs, work assignments within CDCR, opportunities for release, prolonged
14  sentences, and the potential for extended time in administrative segregation.  Dkt. No. 6 at 10.
15  The allegations are sufficient to state a due process claim.

### B.   Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).  A plaintiff alleging denial of equal protection based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent.  *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).  To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of the plaintiff's membership in a protected class.  *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (claim that alleged harmful treatment but mentioned nothing about disparate treatment was properly dismissed).

Mr. Moreno claims defendants violated his right to equal protection because they intentionally discriminated against him due to his Hispanic race. Dkt. No. 6 at 11. He claims that the "validation policies implemented by the named-Defendants use race as a proxy for membership in STGs," and that he and other Hispanic prisoners "have been targeted, punished, and injured by the named-Defendants because of their race without evidence of dangerous activity" while non-Hispanic incarcerated people have more favorable terms and conditions of confinement. *Id.* at 12. The allegations are sufficient to state an equal protection claim.

### C. CDCR Regulations for Gang Validation

Mr. Moreno's claim that defendants violated CDCR regulations for gang validation by denying him an opportunity to rebut the evidence is grounded only in state law and not cognizable under § 1983. However, because this claim is related to the due process claim discussed above and therefore part of the same case or controversy, the Court can exercise supplemental jurisdiction over this related claim under 28 U.S.C. § 1367. Because Mr. Moreno has pled sufficient facts to state a cognizable due process claim, this action shall also proceed on this state law claim.

### D. Request for Appointment of Counsel

As he did in the original complaint, Mr. Moreno again includes a request for appointment of counsel as part of his prayer for relief on the grounds that he is a "lay-person and unskilled at law." Dkt. No. 1 at 12. For the same reason the original request was denied, this duplicate request is also denied for lack of exceptional circumstances. Dkt. No. 5 at 5-6, citing *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to Mr. Moreno renewing his request for appointment of counsel for all purposes, or for limited purposes, should the circumstances of this case warrant such appointment and Mr. Moreno is able to plead exceptional circumstances. This denial is also without prejudice to the Court's sua sponte appointment of counsel at a future date.

## IV. CONCLUSION

For the foregoing reasons and for good cause shown, the Court orders as follows:

1. The following defendants shall be served at the Correctional Training Facility and CDCR Headquarters, as indicated below:

   a. **L. Mendez, Classification Counselor at CTF**

   b. **D. Naranjo, Captain at CTF**

   c. **Joshua Peffley, CDCR Headquarters**

Service on the listed defendants shall proceed under the CDCR e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 6, this order of service, and a CDCR Report of E-Service Waiver form. The Clerk shall also include a magistrate judge jurisdiction consent/declination form. The clerk shall mail a copy of this Order to plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. All communications from Mr. Moreno to the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document

to defendants or defendants' counsel.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

4. It is Mr. Moreno's responsibility to prosecute this case. Mr. Moreno must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. No later than **ninety-one (91) days** from the filing date of this order, defendants may file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event defendants file a motion for summary judgment, the Ninth Circuit has held that, as a pro se prisoner, Mr. Moreno must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

6. Mr. Moreno's opposition to any dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. The Court advises Mr. Moreno to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Mr. Moreno is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by Mr. Moreno to the granting of the motion,

7

and granting of judgment against Mr. Moreno without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

7. Defendants shall file a reply brief no later than **fourteen (14) days** after Mr. Moreno's opposition is filed.

8. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: May 4, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge