UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY L. MORENO,<br>　　　　Plaintiff,<br>　v.<br>JOSHUA PEFFLEY, et al.,<br>　　　　Defendants. | Case No. 22-cv-04520-VKD<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL;** *SUA SPONTE* **EXTENDING DEADLINE TO OPPOSE SUMMARY JUDGMENT MOTION**<br><br>Re: Dkt. No. 23 |

On March 28, 2024, pro se plaintiff Anthony Moreno filed a third request for appointment of counsel. Dkt. No. 23. At the Court's direction, defendants filed an opposition addressing three issues raised in Mr. Moreno's request. Dkt. No. 27; *see* Dkt. No. 26 at 2. Mr. Moreno did not file a reply. For the reasons explained below, the Court denies Mr. Moreno's request for appointment of counsel.

## I.  BACKGROUND

In his current request for appointment of counsel, Mr. Moreno argues, among other things, that (1) he has been hindered from accessing the law library and computer while in restricted housing, (2) his transfer to another facility will bar his access to witnesses and documents he needs to litigate this matter, and (3) prison staff seized his documents and property, preventing him from complying with defendants' discovery requests. Dkt. No. 23. Defendants dispute Mr. Moreno's arguments. They rely on the declarations of Deputy Attorney General A. Vicas, E. Galvan (Litigation Coordinator at Correctional Training Facility ("CTF")), J. Perez-Pantoja (property officer in the restricted housing unit ("RHU") at CTF), M. Martinez (librarian at CTF), and V.

1  Martinez (Litigation Coordinator at California State Prison, Solano), along with exhibits. Dkt.
2  Nos. 27-1 through 27-5.

## II. DISCUSSION

### A. Legal Standard

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). While a court may decide to appoint counsel to represent an indigent litigant in the exercise of its discretion, a request to appoint counsel generally requires a showing of "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). In making this determination, the court must consider the likelihood of a pro se plaintiff's success on the merits and evaluate his ability to articulate his claims in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

### B. Prior Requests for Appointment of Counsel

Mr. Moreno has requested that the Court appoint counsel to represent him on two prior occasions. *See* Dkt. No. 1 at 12; Dkt. No. 6 at 12. On both occasions, he asked for counsel solely because he is a "lay-person and unskilled at law." *Id.* The Court considered the nature and complexity of Mr. Moreno's claims and concluded that he identified no "exceptional circumstances" that warrant appointment of counsel; the Court denied these earlier requests without prejudice. *See* Dkt. No. 5 at 6; Dkt. No. 7 at 5.

As noted above, Mr. Moreno makes some new arguments in his current motion for appointment of counsel. The Court addresses each of these new arguments below. However, the Court also specifically considers Mr. Moreno's likelihood of success on the merits and his ability to articulate his claims in light of the complexity of the issues involved. With respect to likelihood of success, defendants contend that Mr. Moreno's claims are barred because he failed to

administratively exhaust them prior to filing suit as required under the Prison Litigation Reform Act. Dkt. No. 24. Failure to exhaust all available administrative remedies prior to filing suit may be grounds for dismissal. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Mr. Moreno has not responded to defendants' arguments on this point, so it is difficult for the Court to assess his likelihood of success. However, with respect to the complexity of the issues involved, the Court reaffirms its earlier assessment that the issues presented by Mr. Moreno's claims are not particularly complex—he asserts that defendants falsified evidence of his association with a prison gang in violation of his Fourteenth Amendment rights to due process and equal protection, and in violation of CDCR's regulations for gang validation. Mr. Moreno has demonstrated an ability to articulate his claims in this litigation, including by filing an amended complaint that adequately stated his claims for relief. On the question of exhaustion, Mr. Moreno may demonstrate that he filed grievances and pursued the available administrative remedies with respect to these claims by filing his records and/or a declaration with the Court when responding to defendants' summary judgment motion.

## C. Access to Legal Resources

Mr. Moreno asserts that he has been prevented from going to the law library on occasion and from accessing its computers. Dkt. No. 23 ¶ 3. He also says that when he is given the opportunity to go to the library, "[he] is put in a stand-up cage with a monitor that does not give [him] access to conduct research." *Id*.

The record before the Court shows that Mr. Moreno was placed in a restricted housing unit on May 17, 2023, pending an investigation into a suspected gang-related homicide at the prison. Dkt. No. 23 at 11; Dkt. No. 27-2 ¶ 7, Ex. A (Galvan Decl.). According to defendants, prisoners in the RHU are allowed both physical access to CTF's central library and in-cell access to its legal materials. Dkt. No. 27-3 ¶¶ 3-4 (Perez-Pantoja Decl.); Dkt. No. 27-4 ¶ 5 (Martinez Decl.). Prisoners are escorted from the RHU to the library and placed in a temporary holding cell for safety reasons. *Id.* In the holding cell, a prisoner can conduct legal research on touch screen computers. Dkt. No. 27-4 ¶ 5. If the touch screen is not working, a prisoner may request printed research, document copies, and other legal supplies brought to his holding cell. *Id.* ¶ 4.

1    Defendants submit records from the library and the RHU showing that Mr. Moreno
2 frequented CTF's Central Library during his RHU term. He was on the RHU library schedule on
3 eight occasions during February, March, and April 2024, and sign-in sheets confirm that he visited
4 the law library at least four times in the last few months. Dkt. No. 27-3 ¶ 6, Ex. C (Perez-Pantoja
5 Decl.); Dkt. No. 27-4 ¶ 4, Ex. A (Martinez Decl.). Defendants attest that while in the RHU, Mr.
6 Moreno was able to conduct research in the library holding cell, and requested document copies,
7 research, and other legal supplies, as well as legal materials and research from the library for in-
8 cell use. Dkt. No. 27-4 ¶¶ 4-5, Exs. B, C. Lastly, defendants point out that the two occasions on
9 which Mr. Moreno says he was not permitted access to the library was when the library was
10 closed. Dkt. No. 27 at 4, citing Dkt. No. 23 at 3.

11   On the record presented, the Court finds no basis for concluding that Mr. Moreno has been
12 denied access to legal resources such that appointment of counsel is necessary for him to litigate
13 this matter.

### D.   Transfer to Higher Security Prison

15   Mr. Moreno asserts that his transfer to another prison will hinder his ability to access
16 witnesses and documents necessary to litigate this matter, and that he requires the assistance of
17 counsel to preserve his access to these sources of evidence. Dkt. No. 23 ¶ 5.

18   Defendants respond that on May 17, 2023, Mr. Moreno became the subject of an ongoing
19 homicide investigation and was placed in restricted housing. Dkt. No. 27-2 ¶ 7, Ex. A at 1. After
20 disciplinary proceedings, he was found guilty of possessing a deadly weapon. *Id.* According to
21 defendants, the finding that Mr. Moreno possessed a deadly weapon raised his security
22 classification at the prison from a level II to a level III custody designation. *Id.* At a classification
23 hearing on April 4, 2024, the Institution Classification Committee concluded that Mr. Moreno's
24 presence at CTF posed a potential threat to institutional safety and security and to the integrity of
25 the ongoing homicide investigation. *Id.*, Ex. A at 5-6. The committee recommended his transfer
26 to level III facilities at Richard J. Donovan Correctional Facility or California State Prison, Solano
27 ("CSP Solano"). Mr. Moreno was transferred to CSP Solano on April 10, 2024. Dkt. No. 27-2
28 ¶ 8.

Defendants assert that CSP Solano has the same legal resources as CTF. Dkt. No. 27-1 ¶ 10 (Vicas Decl.); Dkt. No. 27-5 ¶¶ 3-4 (V. Martinez Decl.). According to defendants, Mr. Moreno is housed in the prison's general population and recently confirmed that he "has everything that was issued to him." Dkt. No. 27-5 ¶ 3. With regard to access to witnesses, defendants' counsel asserts that Mr. Moreno did not identify any witnesses when asked to respond to defendants' interrogatories on this point. Dkt. No. 27-1 ¶ 7 (Vicas Decl.). Counsel asserts that it is therefore unclear what documents, witnesses, and research Mr. Moreno requires to oppose defendants' summary judgment motion or to prosecute his claims that he does not already have. *Id.* at ¶ 9. Defendants advise that they do not oppose an extension of time for Mr. Moreno to respond to defendants' summary judgment motion, if necessary, in view of his transfer, as he may need time to familiarize himself with CSP Solano's law library. Dkt. No. 27 at 5.

On the record presented, the Court finds no basis for concluding that Mr. Moreno has been denied access to the relevant sources of evidence or that appointment of counsel is necessary to address his inability to access such evidence, particularly where Mr. Moreno has not identified any specific witness to whom he requires access in order to oppose defendants' summary judgment motion or to prosecute his claims.

### E.     Access to Documents and Property

Mr. Moreno asserts that the seizure of his documents and property has prevented him from complying with defendants' discovery requests, a problem he says he made defense counsel aware of at his deposition, and he seeks assistance of appointed counsel for this purpose also. Dkt. No. 23 ¶ 7.

Defendants respond that Mr. Moreno requested and received his allowable personal and legal property on multiple occasions. Dkt. No. 27-3 ¶ 7, Exs. D, E (Perez-Pantoja Decl.). Defense counsel attests that Mr. Moreno brought a large stack of documents with him to his deposition, and that he searched through, referred to, and read from these documents during the deposition (but apparently did not produce them). Dkt. No. 27-1 ¶ 5 (Vicas Decl.). Mr. Moreno apparently stated that his correctional counselor printed some of these documents for him prior to his deposition, and it appeared to counsel that Mr. Moreno had these documents since *at least*

November 30, 2023.  *Id.* ¶¶ 5, 7.  Counsel advises that these documents are the only documents defendants earlier moved to compel.  Dkt. No. 27 at 5.

On the record presented, the Court finds no basis for concluding that Mr. Moreno has been prevented from accessing his documents and property, such that he was unable to comply with defendants' discovery requests.

### III.     CONCLUSION

Based on the foregoing, the Court finds no exceptional circumstances and declines to appoint counsel for Mr. Moreno.  Accordingly, Mr. Moreno's motion for appointment of counsel is **DENIED**.  Dkt. No. 23.

Defendants filed their summary judgment motion on March 29, 2024.  Dkt. No. 24.  According to the Court's briefing schedule, Mr. Moreno's opposition was due twenty-eight days later, i.e., by April 26, 2024.  Mr. Moreno did not file an opposition.  However, in the interest of justice, the Court *sua sponte* grants Mr. Moreno an extension of time to file an opposition to defendants' summary judgment motion.  Mr. Moreno's opposition shall be filed **no later than June 3, 2024**.  Defendants shall file a reply no later than **fourteen (14) days** after Mr. Moreno's opposition is filed.

This order terminates Docket No. 23.

**IT IS SO ORDERED.**

Dated: May 7, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge